# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CELESTINO A. CHAVEZ, | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 1:05CV00073 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon *pro se* Movant Celestino A. Chavez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1], filed on May 5, 2005. The Government filed its Response [doc. #12] on July 5, 2005, requesting the Court deny Movant's motion without and evidentiary hearing.

### I. BACKGROUND FACTS

On December 4, 2003, Movant was named in a Superseding Indictment containing seven counts. On January 20, 2004, Movant entered a guilty plea to (1) Credit Card Fraud in violation of 18 U.S.C. § 1029, (2) Mail Fraud in violation of 18 U.S.C. § 1341, and (3) Loan Application Fraud in violation of 18 U.S.C. § 1014. According to the terms of the Plea Agreement, the Government moved to dismiss the remaining four counts and Movant agreed to "waive all rights to appeal all non-jurisdictional issues" and "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct and ineffective assistance of counsel, at the time of sentencing."

On May 7, 2004 the Court sentenced Movant to 18 months imprisonment for each of the

three counts, to be served concurrently, followed by supervised release for five years. Additionally, Movant was ordered to make restitution in the amount of $238,744.08 to Brent McMinn, Movant's previous employer.

No direct appeal was filed. The present Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody was filed in the Court on May 5, 2004,[1] alleging the following three grounds for appeal:

> **Ground One:** Amount of the loss is incorrect, pursuant to § 2F1.1(b)(1). Should have been (F) instead of (I).
>
> **Ground Two:** Procedure for issuance and enforcement of restitution order was incorrect, pursuant to 18:364 and 18:3579.
>
> **Ground Three:** Enhancements pursuant to §2F1.1(b)(2) and §3B1.3 are invalid and unconstitutional.

For the reasons set forth below, the Court concludes that all of the above Grounds are without merit. Accordingly, the Court dismisses Movant's Motion under 28 U.S.C. § 2255 [doc. #1].

## II.   STANDARD OF REVIEW: RELIEF UNDER 28 U.S.C. § 2255

A federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255 ¶ 6. "The limitation period shall run from . . . the date on which the judgment of conviction becomes final." *Id.* Movant entered a guilty plea on January 20, 2004 and his judgment of conviction became final when he was sentenced on May 7, 2004. The present § 2255 motion was timely filed on May 5, 2005, within the 1-year period of limitation.

on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal quotation marks and citations omitted).

Once a guilty plea is entered, the focus of collateral attack under § 2255 is limited to the nature of counsel's advice and the voluntariness of the plea. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)). When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (citing *United States v. Goings*, 200 F.3d 539, 543 (8th Cir. 2000)). However, where a petitioner is arguing in his § 2255 motion that the plea and the waiver were not knowing and voluntary due to ineffective assistance of counsel, then the waiver does not bar the § 2255 claims. *Id.* at 924.

## III. STANDARDS FOR WAIVER OF APPELLATE RIGHTS AND RIGHT TO POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery*, 480 U.S. 386, 393 (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California*, 422 U.S. 806, 836 (1975) (right to counsel). There is no constitutional right to appeal; the right to appeal is purely a creature of statute. *Abney v. United States*, 431 U.S. 651, 656 (1977). If defendants can waive fundamental constitutional rights, they are not precluded from waiving procedural rights granted by statute. *United States v. Rutan*, 956 F.2d 827, 829 (8th Cir. 1992) (citing *United States v. Wiggins*, 905 F.2d 51 (4th

Cir. 1990)). Therefore, a defendant may waive certain procedural appellate rights. *Id*. Accordingly, a defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not then seek to appeal the very sentence which itself was part of the agreement. *Id*.

Negotiated waivers of appellate rights and rights to pursue post-conviction relief have been upheld by the Eighth Circuit. *See United States v. Morrison*, 171 F.3d 567, 568 (8th Cir. 1999); *United States v. Michelsen*, 141 F.3d 867, 873 (8th Cir. 1998); *United States v. His Law*, 85 F.3d 379, 379 (8th Cir. 1996); *Rutan*, 956 F.2d at 829. In *DeRoo v. United States*, the Eighth Circuit noted that, "[a]s a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement." 223 F.3d at 923. *Id.* These virtues "are promoted by waivers of collateral appeal rights as much as by waivers of direct appeal rights." *Id*. Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government." *Id.* The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if the waiver is knowingly and voluntarily made, and the sentence imposed is in accordance with the negotiated agreement. *Rutan*, 956 F.2d at 829.

However, such waivers are not absolute. For example, the Eighth Circuit has determined that defendants cannot waive their right to appeal an illegal sentence, which is a sentence imposed in violation of the terms of an agreement. *DeRoo*, 223 F.3d at 923. In addition, "the decision to be bound by the provisions of the plea agreement, including the waiver provisions, must be knowing and voluntary." *Id.* (citing *Morrison*, 171 F.3d at 568). Even when these conditions are met, a waiver will not be enforced where to do so would result in a miscarriage of justice. *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003).

The Eighth Circuit stated that "the illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception." *Id*. at 892. Sentences which fall within the permissible statutory range are not subject to appeal under this exception. *Id*. "Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver." *Id.* A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less then the permissible statutory penalty for the crime. *Id.* (citing *United States v. Greatwalker*, 285 F.3d 727, 729 (8th Cir. 2002)).

The defendant must knowingly and voluntarily enter into the plea agreement for these agreements to be valid. *DeRoo*, 223 F.3d at 923. This is the same standard the Supreme Court requires for all guilty pleas. *See United States v. Gray*, 152 F.3d 816, 819 (8th Cir. 1998) (citing *Parke v. Raley*, 506 U.S. 20, 28 (1992)). The requirement that a plea agreement and waiver be entered into knowingly and voluntarily applies to each term of an agreement. *Andis*, 333 F.3d at 890.

The burden of proof is on the government to show the plea agreement waives the defendant's right to appeal. *United States v. Benitez-Diaz*, 337 F.3d 1080, 1082 (8th Cir. 2003). When reviewing a purported waiver, it must be confirmed that the appeal falls within the scope of the waiver. *Andis*, 333 F.3d at 890.

## IV.     DISCUSSION

The Court initially notes that Movant's Motion can be conclusively determined based on the Motion, files and records of the case. Therefore, an evidentiary hearing for this Motion need not to be held. *See Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

### A.      Ground One: Amount of the loss is incorrect, pursuant to § 2F1.1(b)(1). Should have been (F) instead of (I); and Ground Two: Procedure for issuance and enforcement of restitution order was incorrect, pursuant to 18:364 and 18:3579.

The Court finds that Movant waived the right to appeal the issues identified in Grounds One and Two. As part of the Plea Agreement, Movant agreed to "waive all rights to appeal all non-jurisdictional issues" and "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct and ineffective assistance of counsel, at the time of sentencing." Movant has raised no issues of prosecutorial misconduct or ineffective assistance of counsel and expressly states that he is not raising a jurisdictional challenge. Therefore, the claims in Grounds One and Two are without merit provided Movant's waiver of his right to appeal was valid.

A defendant's waiver of his rights to appeal for post conviction relief is valid if it is made knowingly and voluntarily. *DeRoo*, 223 F.3d at 923 (citing *Goings*, 200 F.3d at 543). In addition, the Eighth Circuit has recognized the exception that a defendant cannot waive his right to appeal an illegal sentence. *DeRoo*, 223 F.3d at 923.

Movant asserts two inter-related arguments in favor of invalidating the waiver. First, given the Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005), Movant claims that he did not knowingly and voluntarily waive his rights. Second, Movant argues that the waiver should not be enforced because his sentence was "in violation of law apart from the Sentencing Guidelines."

6

The Eighth Circuit recently addressed Movant's first argument in *United States v. Reeves*, 2005 WL 1366432 (8th Cir. 2005), where Reeves was claiming that an identical waiver was no longer valid in light of *Booker*. The Eighth Circuit found that "*Booker* does not render Reeves's plea of guilty involuntary or unintelligent. A voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Reeves*, 2005 WL 1366432 at *3 (internal quotation marks and citations omitted). In addition, the fact that *Booker* was decided after Movant's judgment became final does not mean that the waiver is invalid. *See United States v. Fogg*, 409 F.3d 1022 (8th Cir. 2005). In *Fogg* the court stated that "unless expressly reserved, however, the right to appellate relief under *Booker* is among the rights waived by a valid appeal waiver, even if the parties did not anticipate the *Blakely/Booker* rulings." *Fogg*, 409 F.3d at 1025 (citing *United States v. Killgo*, 397 F.3d 628, 629 n.2 (8th Cir. 2005) and *United States v. Amburn*, 2005 WL 1412968 (8th Cir. June 17, 2005)). Other circuits have held likewise.[2]

As indicated in *Fogg*, whether Movant anticipated the *Blakely/Booker* rulings at the time of his Plea Agreement is immaterial, and Movant offers no additional arguments to support his claim that the waiver was involuntary. In fact, all evidence from the record indicates that Movant both knowingly and voluntarily negotiated the agreement to waive his right of appeal in exchange for the dismissal of four of the seven counts against him and the guarantee that the Government would not appeal the sentence.

---

[2] See; *United States v. Morgan*, 406 F.3d 135, 137 (2nd Cir. 2005), *United States v. Lockett*, 406 F.3d 207, 213-14, (3rd Cir. 2005), *United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005), *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005), *United States v. Green*, 405 F.3d 1180, 1188-89 (10th Cir. 2005), and *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005).

Movant's second argument, which appears to relate to the "illegal sentence exception," is also insufficient to invalidate the waiver. *See Andis*, 333 F.3d at 892. A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less then the permissible statutory penalty for the crime. *Id.* (citing *Greatwalker*, 285 F.3d at 729). However, the Eighth Circuit has concluded that this is an "extremely narrow exception." *Id*. at 892. In fact, if an imposed sentence falls within the statutory range, it cannot be challenged under this exception. *Id.* "Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver." *Id.* Because Movant's 18-month sentence for each count falls within the statutory range for each offense,[3] Movant cannot challenge the validity of his waiver under the illegal sentence exception.

Because Movant waived his rights to challenge his sentence, the Court finds his waiver of rights was voluntary and intelligently made, his sentence falls within the statutory range, the waiver of Movant's right to appeal will be upheld. Therefore, Movant's claim in Grounds One and Two are without merit. Accordingly, Grounds One and Two are denied.

**B.** **Ground Three: Enhancements pursuant to §2F1.1(b)(2) Minimal Planning and §3B1.3 Position of Trust are invalid and unconstitutional.**

---

[3] *See* 18 U.S.C. § 1029 (setting a maximum sentence for Credit Card Fraud as 10, 20, or 30 years imprisonments, depending upon the circumstances); 18 U.S.C. § 1341 (limiting Mail Fraud penalties to $1,000,000 in fines and/or 30 years imprisonment); 18 U.S.C. § 1014 (providing discretion in Loan Application Fraud penalties of up to $1,000,000 in fines and/or up to 30 years imprisonment).

Petitioner's offense level was increased pursuant to §2F1.1(b)(2)[4] and § 3B1.3[5] sentencing guideline enhancements.[6] Petitioner argues that he did not plead guilty to those enhancements, nor did he waive his Sixth Amendment right to a jury determining any enhancement to be imposed. Citing *United States v. Booker*, 125 S. Ct. at 769, Movant argues he did not knowingly or voluntarily waive his right to a jury determination of the enhancements, and thus, his 6th Amendment right to a jury trial was violated when the Court determined facts which enhanced his sentence. Petitioner's first argument is foreclosed by the Court's prior analysis.[7]

Movant's second argument rests on the erroneous presumption that the Supreme Court's decision in *Booker*, is retroactively applied to cases on collateral review. This Court holds that it is

---

[4] USSG §3B1.1(c) (2000) provides for a two-level sentence enhancement for an abuse of trust "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity. . ."

[5] USSG §2F1.1(b)(2) (2000) provides a two-level sentence enhancement when "[t]he offense involved more than minimal planning."

[6] During the Sentencing Hearing, the Court erred by indicating that its guideline calculations were based on the 2002 edition of the Sentencing Guidelines Manual [see doc. #47, p. 135]. After reviewing the complete file, the Court notes that, in reality, the 2000 edition of the Sentencing Guidelines Manual was used in the Court's calculations. The Presentence Investigation reports indicates the 2000 edition was used [doc. #42, p.6]. Michael Price, the Assistant United States' Attorney indicated that the base offense level came from the 2000 edition [see doc. 47, p. 124]. Finally, consistent with the 2000 edition, the Court added only eight (8) levels for a loss exceeding $200,000. The 2002 edition provides for an increase in twelve (12) levels for the same amount of loss.

[7] Movant's Plea Agreement specifically states that Defendant "waive[d] all rights to appeal all non-jurisdictional issues including, but not limited to . . . the factual basis for the plea, . . . [and] any issues relating to the establishment of the Total Offense Level or Criminal History Category determined by the Court." Furthermore, Defendant acknowledged that "the District Court is neither a party to nor bound by the Guideline recommendations agreed to in this document. The Guidelines range will be determined by the District Court and shall not be subject to appeal." The Court finds that any right to appeal the Court's factual determination during sentencing was waived by the Movant. For an evaluation of the general enforceability of waiver agreements, see section III, *supra*. For an examination of the enforceability of Movant's waiver of his right to appeal, see section IV-A *supra*.

not. While the *Booker* Majority did not address whether its new rule applied retroactively to cases on collateral review, the reasoning in the Supreme Court's decision in *Schriro v. Summerlin,* 124 S. Ct. 2519 (2004), is applicable here. *Summerlin* held that the Court's new procedural rule in *Ring* was not retroactively applied to cases on collateral review. 124 S. Ct. at 2526 (citing *Ring v. Arizona,* 536 U.S. 584, 609 (2002)). *Ring* held that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. *Ring*, 536 U.S. at 609. *Ring* and *Booker* both relied heavily on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to jury and proved beyond reasonable doubt). In *Summerlin*, the Supreme Court concluded that *Ring* cannot be treated as a new substantive rule because it did not "alter[] the range of conduct or the class of persons that the law punishes." 124 S. Ct. at 2523. The court noted that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Id*.

Like *Ring*, *Booker* affects only the procedural issues of the identity of the fact finder and the quantity of evidence required to pass sentence, and does not substantively alter the behavior punished in the underlying crime. Although the federal sentencing guidelines are no longer mandatory, district judges must continue to consult them when fashioning sentences. *Booker*, 125 S. Ct. at 767. Booker does not alter the scope or nature of any criminalized behavior, and none of the many factors that affect sentences under the Sentencing Guidelines have been declared invalid. Consequently *Booker,* like *Apprendi* and *Ring,* must be treated as a procedural decision for the purposes of retroactivity analysis.

10

A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Summerlin,* 124 S. Ct. at 2524. The Supreme Court held in *DeStefano v. Woods* that fundamental fairness is not called into question when deciding between the judge or jury as fact-finder. 392 U.S. 631, 633-34 (1968). In *Summerlin,* the court again addressed this issue noting that it is not clear which fact-finder is more accurate. 124 S. Ct. at 2525. Furthermore, the holding of *Booker* neither moves any decision from judge to jury, nor changes the burden of persuasion. *Booker* held that decisions about sentencing factors will continue to be made by judges so long as the guideline system is flexible in its application. 125 S. Ct. at 767. This minor modification to the sentencing procedure does not constitute a "watershed" change that fundamentally improves the fairness or accuracy of the criminal process. *See Summerlin,* 124 S. Ct. at 2522.

Because *Booker* provides a new procedural rule that does not rise to the level of a "watershed" change, it is not retroactively applicable to cases on collateral review. While the Eighth Circuit has yet to rule on this particular issue, today's decision is consistent with holdings of other circuits. *See Guzman v. United States*, 404 F.3d 139, 144 (2nd Cir. 2005) (holding that *Booker* is not retroactively applied to cases on collateral review); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (same); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (*per curium*) (same). Because Movant was sentenced on May 7, 2004, and *Booker* was not decided until January 12, 2005, Movant's case is not subject to a *Booker* challenge.[8]

---

[8] Even if *Booker* were retroactively applied to a collateral proceeding, the exception carved out in *Blakely v. Washington* would still prevent Movant from obtaining relief. *See* 124 S. Ct. 2531 (2004). "When a defendant pleads guilty, the [Government] is free to seek judicial sentence enhancements so long

Therefore, Movant's claims in Ground Three that his sentence enhancements were invalid and unconstitutional are without merit. Accordingly, Ground Three is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Celestino A. Chavez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion for Leave to Supplement 2255 Motion and for extension to and including August, 1, 2005 to file reply to government response [doc. #13] are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion.

Dated this 27th day of July, 2005.

　　　　　　　　　　　　　　　　　　　　　　　／s／ E. Richard Webber
　　　　　　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

as the defendant either stipulates to the relevant facts or consents to judicial fact[-]finding." *Id.* at 2541. Here, Movant agreed to judicial fact-finding as part of his Plea Agreement instead of seeking a jury trial. Therefore, even if Booker were retroactively applied to cases on collateral review, Movant's claim would still fail.